**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hans G. Higgins,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-09-0345-PHX-PGR (MEA)<br><br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Aspey in light of the petitioner's timely Objections to Report and Recommendation to the Court (doc. #16), the Court finds that the objections should be overruled because the Magistrate Judge correctly concluded that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be denied.

The petitioner's first state court trial, held before a 12-person jury, resulted in a mistrial due to a hung jury; according to the petitioner, that jury was deadlocked 10-2 in favor of acquittal. The petitioner was convicted in a retrial, also before a 12-person jury. The gist of the petitioner's main habeas claim is that under Arizona law his first trial should have been before an 8-person jury and that he would have been acquitted had it been so, and that he was subjected to a

1  12-person jury only because the prosecutor improperly filed an amended notice
2  of historical prior felony convictions before the first trial that was untimely under
3  Arizona law and that the untimely noticed prior convictions increased the potential
4  sentence he faced sufficiently to require a 12-person jury under Arizona law.  The
5  petitioner's contention is that this procedural error violated his federal
6  constitutional rights.

7  The Magistrate Judge determined in part that this portion of the petitioner's
8  claim did not state a cognizable claim for federal habeas relief, and the Court
9  agrees as no aspect of this claim concerns federal law.  A state prisoner is not
10 entitled to federal habeas relief unless he demonstrates that the state court's
11 adjudication of his claims "resulted in a decision that was contrary to, or involved
12 an unreasonable application of, clearly established Federal law, as determined by
13 the Supreme Court of the United States" or "resulted in a decision that was based
14 on an unreasonable determination of the facts in light of the evidence presented
15 in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2).  The alleged error
16 underlying the petitioner's habeas petition is an improper application of a Arizona
17 law and it is well established that federal habeas courts lack jurisdiction "to review
18 state court applications of state procedural rules." Poland v. Stewart, 169 F.3d
19 573, 584 (9th Cir.1999); *accord*, Estelle v. McGuire, 502 U.S. 62, 67-68,112 S.Ct.
20 475, 480 (1991) ("We have stated many times that federal habeas relief does not
21 lie for errors of state law.  Today, we reemphasize that it is not the province of a
22 federal habeas court to reexamine state-court determinations on state-law
23 questions.  In conducting habeas review, a federal court is limited to deciding
24 whether a conviction violated the Constitution, laws, or treaties of the United
25 States.") (internal quotation marks omitted); Lambright v. Stewart, 191 F.3d 1181,
26

1183 (9th Cir.1999) ("An error of state procedure is not, ipso facto, federal constitutional error.")

The fact that the petitioner labeled his habeas claim as one for of "Misscariage [sic] of Justice, Illegal Detention & Double Jeporty [sic] (Violation of the 5th, 8th and 14th Amendments to the United States Constitution)" does not transform his state law claim into a cognizable federal claim. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1996) ("Langford may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (citations omitted). While a state court's misapplication of state law might rise to the level of a constitutional violation if the alleged error constituted a fundamental defect which inherently resulted in a complete miscarriage of justice or the alleged error created exceptional circumstances where the need for the remedy afforded by the federal writ of habeas corpus is apparent, Little v. Crawford, 449 F.3d 1075, 1083 (9th cir.2006), *cert. denied*, 551 U.S. 1118 (2007), the petitioner being subjected to a 12-person jury rather than an 8-person jury clearly does not rise to such a level.

The petitioner also has alleged that he was deprived of due process during his second trial because a witness mistakenly identified him as the perpetrator of the charged claims and the state court failed to hold a "Dussuralt" hearing.[1] Even

---

[1] The Court presumes that this is a reference to State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), wherein the Arizona Supreme Court set down the rules which apply in the Arizona courts when a defendant challenges an in-court identification on the basis that it has been tainted by pre-trial identification procedures.

if the Court were to determine that this claim raises an issue of federal law, and the petitioner has made no such showing, the Court agrees with the Magistrate Judge that the Court cannot in any case reach the merits of this claim because the petitioner has not properly exhausted it. Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(B)(1). In order to comply with this statutory requirement, the prisoner must "fairly present" his federal claim to each appropriate state court by alerting those courts to the federal nature of his claim. Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004). The record establishes that the petitioner failed to fairly present this issue as a federal claim to the state courts prior to filing this action inasmuch as it was not presented to the Arizona Court of Appeals on direct appeal, and was not mentioned in the petitioner's Notice of Post-Conviction Relief filed prior to the commencement of this action.[2] The Court further agrees with the Magistrate Judge that the petitioner has failed to

---

[2] The petitioner did not file his actual petition for post-conviction relief until after this action was filed - that petition is not part of the record before the Court so the Court does not know what issues were raised therein. The available record indicates that the state trial court denied this PCR petition on or about November 24, 2009, and that the petitioner did not file a timely notice of appeal from that denial; the state court's decision is not part of the Court's record so the Court does not know the basis for the state court's denial of the PCR petition. In his Objections, the petitioner requests that the Court stay this action as premature on the ground that he never received the state trial court's decision denying his PCR petition and has asked the state court to clarify the situation and that his request is still pending. The Court declines to stay this action because the petitioner's failure to timely appeal the denial of his PCR petition is not determinative of the exhaustion issue given that the actual PCR petition was not filed until after this action was commenced. The relevant issue is that the Dessureault hearing-related claim, assuming that it was actually raised in the PCR petition, was clearly not exhausted prior to the commencement of this action.

demonstrate either cause and prejudice or a fundamental miscarriage of justice sufficient to excuse his procedural default. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #15) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice as to the jury-related issue and without prejudice as to the Dessureault hearing-related issue.[3]

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 17th day of March, 2010.

Paul G. Rosenblatt
United States District Judge

---

[3] The Court is dismissing the Dessureault hearing-related issue without prejudice solely because it does not know whether it is an issue that may still be pending before the state courts.